UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHARLES V. FARNSWORTH, | ) | CASE NO. C08-0851-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ROBERT J. PALMQUIST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff is currently incarcerated in the Federal Detention Center ("FDC") in SeaTac, Washington. He proceeds *pro se* and *in forma pauperis* in a civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Defendants moved for dismissal on the ground that plaintiff has not exhausted his administrative remedies and, in the alternative, for partial summary judgment. (Dkt. 35.) Plaintiff filed a cross motion for summary judgment in response (Dkt. 41), to which defendants submitted a reply (Dkt. 48). Now, having considered the briefs submitted by the parties, the Court recommends that the complaint and this action be dismissed without prejudice for failure to exhaust.

REPORT AND RECOMMENDATION
PAGE -1

## BACKGROUND AND DISCUSSION

The Court may grant a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quotation marks and quoted cases omitted). The Court must treat plaintiff's allegations as true and construe those allegations liberally in favor of plaintiff. *Shermsan v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). When the issue is whether plaintiff has exhausted administrative remedies, the court may consider documents beyond the pleadings. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).[1]

Defendants assert that plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Under the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion allows for the internal resolution of complaints, reduction of litigation, and, where complaints are not internally resolved, the preparation of a useful record. *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-91 (2006) and *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)). "There is no question that exhaustion is mandatory

---

1 The *Wyatt* court indicated that if a Court looks beyond the complaint to decide exhaustion issues, a plaintiff must have "fair notice" of his right to develop a record. 315 F.3d at 1120, n.14. Here, considering that plaintiff filed a cross motion for summary judgment with numerous attachments, the Court concludes he had the requisite fair notice.

under the PLRA and that unexhausted claims cannot be brought in court." *Id*. at 211. Exhaustion applies to all actions relating to prison conditions, including those brought pursuant to *Bivens*. *Porter*, 534 U.S. at 524, 532 ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.") An inmate must properly exhaust a complaint, meaning "that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 93).

The federal Bureau of Prisons ("BOP") utilizes the Administrative Remedy Program (ARP) to process prisoner complaints. 28 C.F.R. §§ 542.10-542.19; (Dkt. 36, ¶6 and Ex. M.) The ARP has four levels of review. A prisoner must first seek informal resolution by submitting an informal request to a staff member at the institution. 28 C.F.R. § 542.13(a). If dissatisfied with the response, a prisoner must then file a formal complaint, or Request for Administrative Remedy, with the Warden of the institution in which he is confined. *Id*. §§ 542.13, 542.14. If the institution issues an unfavourable response, the inmate must appeal the decision with the BOP Regional Director. *Id*. at § 542.15(a). If dissatisfied with the Regional Director's response, the inmate must appeal the decision with the BOP's Central Office/ General Counsel. *Id*. An administrative appeal is not considered exhausted until considered on the merits by the Central Office. (Dkt. 36, ¶6.); 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")

Plaintiff raises two unrelated claims in this case. (*See* Dkt. 30 (Amended Complaint).) First, plaintiff contends Warden Robert Palmquist should be held personally liable for failing to

REPORT AND RECOMMENDATION
PAGE -3

establish an effective informal resolution procedure for processing prisoner complaints, noting there is no established procedure for providing inmates with a receipt upon the submission of a request for informal resolution. He asserts he has been unable to prove exhaustion under the PLRA because he is unable to prove the failure of his counselor at the FDC to adhere to the grievance procedure. Second, plaintiff contends Palmquist and two prison staff members should be held personally liable for punishment he received for passing messages between an inmate and others over the telephone. He avers inadequate notice that this behaviour amounted to a prohibited act.

Defendants assert that plaintiff never raised his demand for receipts acknowledging informal requests for resolution through the ARP. Defendants note that plaintiff did raise an arguably related complaint in alleging his counselor refused to supply him with enough of the forms necessary to take his grievances beyond the first stage of the ARP, but never appealed this complaint to the Central Office. (Dkt. 36, ¶8 and Exs. I-L.)[2] Defendants also assert that, while plaintiff did appeal his sanction for violation of telephone policies to the Regional Director, he did not pursue a final appeal of this complaint to the Central Office. (*Id*., ¶7 and Exs. F, G-H.) Defendants maintain that, given these failings, plaintiff failed to exhaust his administrative remedies and, consequently, this matter should be dismissed.

Plaintiff filed a cross motion for summary judgment in response to defendants' motion. He asserts that he submitted an informal request for resolution regarding ineffective informal

---

2 The copies of plaintiff's formal complaint and his appeal to the Regional Director are, respectively, partially and entirely illegible. (Dkt. 36, Exs. K-L.) However, the responses from the Warden and Regional Director contain detailed descriptions of the content of plaintiff's complaint and appeal. (*Id*.)

resolution procedures on December 23, 2007. (*See* Dkt. 41 at 6 and Ex. B.)[3] In an attached declaration, plaintiff avers that he received no response to this request and concluded he was unable to proceed under the ARP without having completed informal resolution. (*Id*., Ex. C, ¶2.)

Plaintiff also maintains in his declaration that the complaint respondent deems only arguably related to his current claim addressed his counselor's failure to respond to informal requests for resolution and that, contrary to defendants' contention, he submitted a final appeal of this complaint to the Central Office. (*Id*. at ¶1.) He asserts that he did not receive a response to this final appeal, but believed he had nonetheless exhausted his administrative remedies, pointing to 28 C.F.R. § 542.18: "Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Plaintiff similarly maintains that he exhausted his administrative remedies with regard to his telephone violation claim by submitting a final appeal to the Central Office, but, again, received no response. (Dkt. 41, Ex. C, ¶3.)

Plaintiff additionally appears to argue that he is not required to exhaust his administrative remedies because the FDC did not abide by its grievance procedures. He points to, in particular, 20 C.F.R. §§ 542.11(a)(1) and (2), which require that a Warden "[e]stablish procedures for receiving, recording, reviewing, investigating, and responding to Administrative

---

3 In addition to two informal requests for resolution dated December 23, 2007, plaintiff attaches a number of other informal requests in which he asserts, *inter alia*, the failure of his counselor to respond to informal requests. (Dkt. 41, Ex. B.) However, plaintiff does not contend in either his cross motion or his attached declaration that he pursued the exhaustion of these other informal requests for resolution. (*Id*., Ex. C.)

REPORT AND RECOMMENDATION
PAGE -5

Remedy Requests (Requests) or Appeals (Appeals) submitted by an inmate[,]" and "[a]cknowledge receipt of a Request or Appeal by returning a receipt to the inmate[.]" Plaintiff also points to a BOP Program Statement as stating:

> The Warden is responsible for ensuring that effective informal resolution procedures are in place and that good faith attempts at informal resolution are made in an orderly and timely manner by both inmates and staff. These procedures may not operate to limit inmate access to formal filing of a Request.

(Dkt. 41, Ex. A at 9.) (*Accord* Dkt. 36, Ex. M at 5 (updated version of BOP Program Statement).)[4] Plaintiff avers defendant Palmquist was made aware he was unable to process his informal requests for resolution and was having problems acquiring those forms, but continued to allow staff to abuse the ARP. However, for the reasons described below, plaintiff fails to establish either that he exhausted his claims or that he should be excused from the requirement to exhaust.

Whether plaintiff's first claim is properly considered as, specifically, the failure to issue a receipt at the informal stage or, generally, ineffective procedures for processing informal complaints, he offers no reasonable explanation for his failure to pursue such complaints beyond the informal stage. Plaintiff's bare assertion that he believed he was unable to proceed under the ARP without a response to his informal request for resolution does not excuse his failure to exhaust. *Cf. Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") He provides no support for the proposition that

---

4 Plaintiff appears to assert and argue the relevance of material changes in BOP Program Statements. (*See* Dkt. 41, Ex. D.) However, plaintiff fails to support any assertion that changes in such statements would serve to excuse his duty to exhaust.

inaction on the part of his counselor would have precluded him from completing the administrative review process. In fact, the BOP Program Statement pointed to by plaintiff reflects that the procedures for informal resolution "may not operate to limit inmate access to formal filing of a Request [for resolution]." (Dkt. 41, Ex. A at 9.) This language suggests that deficiencies in the informal resolution process will not be allowed to hinder an inmate's ability to seek resolution of his or her grievances through the formal administrative review process, and that any failure by staff to make a good faith attempt at informal resolution is an issue properly brought to the attention of the Warden. Moreover, from a review of the documents presented, it is apparent plaintiff did not always feel constrained from pursuing his complaints in the absence of a response. (*See*, *e.g.*, Dkt. 36, Ex. I (letter and appeal to Regional Director dated January 3, 2008 stating, respectively, that he had not received receipts to three appeals filed and that staff had refused to respond to informal complaints).)

Nor does plaintiff support the proposition that he did, in fact, submit appeals of relevant complaints to the Central Office. While plaintiff submits numerous copies of various informal requests for resolution, he provides no copies of the alleged final appeals submitted to the Central Office. Defendants, in persuasive contrast to plaintiff's bare assertion of exhaustion, attest that plaintiff did not exhaust his administrative remedies at the Central Office level and attach records showing plaintiff's pursuit of the arguably related complaint and the complaint concerning the telephone violation at only the institutional and regional levels. (Dkt. 36, Exs. F-L.)[5] Moreover, the Court notes the conflict between plaintiff's assertion in his declaration

---

[5] Plaintiff asserts in his declaration that he sent his final appeals as "'special mail'" and raises vague allegations as to a special mail policy at the FDC. However, plaintiff does not

that he submitted a final appeal of a complaint alleging ineffective informal resolution with the contention in both his amended complaint and the body of his cross motion for summary judgment that he was unable to proceed with such a complaint beyond the informal stage. (*See* Dkt. 30 at 3 and Dkt. 41 at 2-3, 6 and Ex. C, ¶1.)

Finally, plaintiff fails to demonstrate that he should be excused from exhausting his administrative remedies. As noted by defendants, there is no requirement that an institution provide a receipt at the informal resolution stage. The regulation cited by plaintiff, 28 C.F.R. § 542.11(a)(2), provides for receipts at the formal and appeals stages. Additionally, as also noted by defendants, plaintiff's past success in pursuing claims beyond the informal stage and in exhausting his administrative remedies (*see* Dkt. 36, ¶9 and Exs. F-L), makes clear that neither the absence of a receipt at the informal stage of the ARP, nor any other of plaintiff's criticisms of the process has hindered his ability to exhaust his remedies.

In sum, plaintiff failed to exhaust his administrative remedies with respect to either of the claims at issue here. Accordingly, he is barred from litigating this matter any further in federal court.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. 35) should be granted, plaintiff's cross motion for summary judgment (Dkt. 41) denied, and this action dismissed without prejudice for failure to exhaust administrative remedies. A proposed Order

/ / /

---

sufficiently support any contention that a mail policy at the FDC serves to excuse his failure to exhaust.

01 accompanies this Report and Recommendation.

02 DATED this 9th day of July, 2009.

03 s/ Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -9